**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| LLOYD GILMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-CV-133 SNLJ |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Lloyd Gilmore, a pretrial detainee at Cape Girardeau County Justice Center, for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. For the reasons explained below, the Court will grant plaintiff's motion to proceed *in forma pauperis*, assess an initial partial filing fee of $1.00, and dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a prison account statement with his motion for leave to commence this civil action without payment of the required filing fee. On October 13, 2022, the Court ordered him to submit such a statement. ECF No. 5. Plaintiff responded by filing a request for additional time to comply. ECF No. 6. Plaintiff stated he has "made multiple request[s] for [his] trust fund statement" but the "staff in th[e] Jail keep giving [him] the run around." *Id.* Due to plaintiff's representation that the institution refuses to provide him with an account statement, the Court will grant his motion for *in forma pauperis* and deny his request for an extension of time as moot.

Plaintiff will, therefore, be required to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against three defendants in their official and individual capacities: (1) the State of Missouri; (2) Mark Walker,[1] Prosecuting Attorney; and (3) Angel Woodruff, Prosecuting Attorney.

---

[1] Plaintiff names "Mark Walker" as the Prosecuting Attorney for the "St. of Missouri." ECF No. 1 at 3. The Court understands plaintiff to be referring to Mr. Mark Welker, the Prosecuting Attorney for Cape Girardeau County, Missouri. The Court will use the correct spelling for Mr. Welker's last name in the remainder of this Order.

3

Plaintiff alleges defendant Woodruff "filed 3rd degree assault charges against [him] from an incident that happened May 20, 2020." Plaintiff states he is suing her for malicious prosecution because "the prosecution ended in defendant's favor. *Id.* Plaintiff alleges defendant Woodruff should not have brought charges against him because she was privy to body camera footage that proved he was innocent. Plaintiff claims defendant Welker "is also responsible for the same allegations because he has assisted Angel Woodruff in the prosecution." Plaintiff asserts the State of Missouri does not supervise prosecutors and fails to prevent them from using their positions to wrongfully incarcerate individuals. Plaintiff further complains he has not been granted a bond reduction.

Plaintiff described his injuries as "stress from being wrongfully prosecuted." For relief, he seeks $15,000,000 in damages.

## Discussion

### A. Defendant State of Missouri

Plaintiff's claims against the State of Missouri must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ("a state is not a person for purposes of a claim for money damages under § 1983").

4

Additionally, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on a nonconsenting State from lawsuits brought in federal court by a State's own citizens or the citizens of another State. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 2018 WL 2070564, at *1 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a State waives its immunity to suit in federal court. *Id.* at 65. A State will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

Neither exception applies in this case. First, there is no congressional abrogation of Eleventh Amendment immunity. Plaintiff brings this action pursuant to § 1983. The United States

5

Supreme Court has determined that 42 U.S.C. § 1983 does not revoke the States' Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Second, the State of Missouri has not consented to the suit. Specifically, the State's statutory waiver of immunity does not include the type of claims made by plaintiff in this case. *See* Mo. Rev. Stat. § 537.600.

Thus, because a state is not a "person" for the purposes of § 1983 and a suit against the state is barred by the Eleventh Amendment, plaintiff's claim against the State of Missouri will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### B. Defendant Prosecutors Angel Woodruff and Mark Welker

#### 1. Official Capacity

Plaintiff's official capacity claims are subject to dismissal because a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). The individual defendants here are alleged to be employees of the State of Missouri. *See* ECF No. 1 at 2-3. As discussed above, a plaintiff cannot bring a claim for damages against the State of Missouri under 42 U.S.C. § 1983 because the state is not a "person." *See Will*, 491 at 71 ("neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Further, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh

Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Thus, liberally construing the complaint, plaintiff's allegations against defendants in their official capacities shall be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim.

### 2. Individual Capacity

Plaintiff's individual capacity claims against defendants Welker and Woodruff must also be dismissed. Defendants are alleged to be prosecuting attorneys for the State. Plaintiff alleges defendant Woodruff filed an assault charge against him and defendant Welker assisted her in prosecuting that charge. Plaintiff alleges the charges were eventually dropped on September 27, 2021. Plaintiff contends the charges were a result of malicious prosecution. Plaintiff only seeks monetary damages.

The doctrine of prosecutorial immunity bars plaintiff's claims against defendants Woodruff and Welker because it is well established that prosecutors have absolute immunity from damages claims arising from acts performed within their official authority. *See Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987). "Prosecutors are protected by absolute immunity from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-71 (1993); *see also Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("The acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government."); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) ("Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process."). There is no question that the filing of assault charges against plaintiff

by defendants was an action intimately associated with the judicial process. All of the acts complained of by plaintiff were prosecutorial functions and therefore are protected under absolute immunity.

To the extent plaintiff intended to allege that these prosecutors acted in bad faith do not save his claims. "Allegations of improper motive in the performance of prosecutorial functions will not defeat immunity." *Powers v. City of Ferguson*, 229 F. Supp. 3d 894, 899 (E.D. Mo. Jan. 17, 2017). *See also Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976) (there is no fraud exception to prosecutorial immunity, and it is better to leave wrongs committed by dishonest officers unredressed than to subject the honest to the constant dread of retaliation). Moreover, "[p]ublic policy dictates that prosecutors be immune from common-law suits for malicious prosecution." *Jackson v. Tyson*, 2008 WL 5377877, at *4 (E.D. Mo. Dec. 19, 2008) (quoting *Imbler*, 424 U.S. 409, 422 (1976)). Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). *See also Woodworth*, 891 F.3d at 1089 (explaining "that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence"). Without absolute immunity, the threat of civil rights suits would undermine the performance of a prosecutor's duties.

Based on the allegations in the complaint, defendant prosecutors have absolute immunity, as there is no indication that they acted as anything other than an advocate for the State of Missouri. Thus, plaintiff's claims against defendants Woodruff and Welker will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time to file his inmate account statement is **DENIED** as moot. [ECF No. 6].

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and/or because it is legally frivolous subject to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of November, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

9